UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22649-BLOOM

JOHNSON PREVILON,

     Plaintiff,

v.

STATE OF FLORIDA DEPARTMENT
OF REVENUE CHILD SUPPORT, *and*
LINDA DEMOSTHENE,

     Defendants.

_____/

**ORDER ON MOTION FOR PETITION FOR WRIT OF MANDAMUS UNDER**
**28 U.S.C. § 1651 AND MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court on a *sua sponte* review of *pro se* Plaintiff Johnson Previlon's ("Previlon") "Notice of Petition Writ of Mandamus to Compel Defendant to Provide Evidence of Personal Jurisdiction over the Plaintiff All Writs Section 28 U.S.C. § 1651," ECF No. [1] ("Petition"), filed on July 14, 2023. Plaintiff has not paid the filing fee but has moved to proceed *in forma pauperis*. ECF No. [3] ("IFP Motion"). Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In the Petition, Previlon contends that—absent evidence that the Eleventh Judicial Circuit of Florida in Miami-Dade County ("State Circuit Court") maintains personal jurisdiction over him—the State Circuit Court's orders violate his right to due process in an action concerning the

payment of child support.[1] ECF No. [1] ¶ 8. For that reason, Previlon asserts he need not state a claim upon which relief may be granted. *Id.* ¶ 2. Accordingly, Previlon requests that the court issue a writ of mandamus pursuant to 28 U.S.C. § 1651 that requires the State Circuit Court to prove it maintains personal jurisdiction over him. *Id.* at 10-11.

28 U.S.C. § 1651 permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Wilson v. Inch*, No. 19-81450-CV, 2019 WL 8447055, at *1 (S.D. Fla. Dec. 12, 2019) (citing 28 U.S.C. § 1651), *report and recommendation adopted*, No. 19-81450-CIV, 2020 WL 524675 (S.D. Fla. Feb. 3, 2020). Section 1651 empowers federal courts to issue writs in aid of jurisdiction only where a federal court has jurisdiction. *Id.*; *see also Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).[2] Absent the assertion of another ground to invoke the Court's subject matter jurisdiction, "[f]ederal mandamus is available only to 'compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007). Accordingly, a writ of mandamus may not be issued that directs "a state court and its judicial officers in the performance of their duties in the performance of their duties where mandamus is the only relief sought" if a petitioner fails to establish an independent basis for jurisdiction. *Moye*, 474 F.2d at 1276.

Defendants in this action are not officers or employees of the United States or any agency thereof. As such, Previlon must set forth some other grounds to invoke the Court's subject-matter jurisdiction in order for this Court to exercise authority to issue a writ under Section 1651. Previlon fails to do so here. It follows that he has failed to adequately state a claim for relief. *See Sahura El*

---

[1] *See Demosthene v. Previlon*, No. 2022-008491-FC-04 (Fla. 11th Cir. Ct. filed May 3, 2022).
[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

*v. Hillsborough Cnty. Traffic Ct.*, No. 8:12-CV-41-T-30TGW, 2012 WL 75315, at *2 (M.D. Fla. Jan. 10, 2012) (dismissing petitioner's petition for writ of mandamus pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted where plaintiff failed to establish basis for court's subject matter jurisdiction). Previlon's Petition is thus due to be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Petition, **ECF No. [1]**, is **DISMISSED**, and plaintiff's IFP Motion, **ECF No. [3]**, is **DENIED AS MOOT**. The clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 17, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Johnson Previlon
6251 NW 1st Ave Rear
Miami, FL 33150
PRO SE