UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22649-BLOOM

JOHNSON PREVILON,

    Plaintiff,
v.

STATE OF FLORIDA DEPARTMENT
OF REVENUE CHILD SUPPORT, *and*
LINDA DEMOSTHENE,

    Defendants.
_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court on *pro se* Plaintiff Johnson Previlon's ("Previlon") Motion to Re-Open Case of Mandamus. ECF No. [5] ("Motion"). In support of his Motion, Previlon states two attorneys are out to destroy his life and family and that Previlon is being deprived of his livelihood. *Id.* at 1. Based on those two attorneys' unspecified conduct, Previlon asserts violations of his constitutional rights under the Fourth, Seventh, and Fourteenth Amendments of the United States Constitution. *Id.* at 2. Previlon further states he requires assistance from "somebody that understand[s] [his] crisis" since he has been unable to obtain counsel. *See id.*

The Court construes the Motion liberally as a motion for reconsideration of the Court's July 17, 2023 Order, ECF No. [4], dismissing the Complaint in the above-styled action, ECF No. [1]. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("[*p*]*ro se* [filings] are held to a less stringent standard than [filings] drafted by attorneys and will, therefore, be liberally construed."). Turning to the question of whether reconsideration is appropriate, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the

availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Blair v. Fla.*, No. 22-CV-14031, 2022 WL 507601, at *1 (S.D. Fla. Feb. 18, 2022) (citing *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003).

Upon review, the Motion must be denied. Even under the most expansive reading of Plaintiff's Motion, the Motion fails to address any of the three potential grounds justifying reconsideration. As expressed by Previlon, he is asserting violations by two attorneys of provisions of specific Constitutional Amendments. However, this argument and those asserted violations could have been raised prior to the issuance of the Court's Order and thus are inappropriately presented on reconsideration. *Cf. Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) ("Linet . . . cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.").

Moreover, although the Court recognizes Previlon's financial circumstances and his desire to retain an attorney to litigate his claims, the Court is powerless to grant Plaintiff's request where Previlon has presented no legal basis for doing so. *Romanowiz v. Dep't of Veterans Affs.*, No. 20-CV-20158, 2020 WL 2732329, at *2 (S.D. Fla. May 26, 2020). To the extent Previlon is asking

Case No. 23-cv-22649-BLOOM

this Court to provide legal advice, it cannot do so either. *Marmol v. Mount Sinai Hosp.*, No. 17-21752-CIV, 2017 WL 7796112, at *1 (S.D. Fla. June 19, 2017).

The Court therefore concludes that Plaintiff has failed to establish a basis for reconsideration or modification of the Court's July 17, 2023 Order. As such, Previlon's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [6] ("IFP motion"), is moot.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [5]**, is **DENIED**, and the IFP Motion, **ECF No. [6]**, is **DENIED AS MOOT**. The case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 21, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Johnson Previlon
6251 NW 1st Ave Rear
Miami, FL 33150
PRO SE